**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-7070

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MICHAEL PAUL PUZEY, a/k/a Big Pete,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:00-cr-00057-GMG-16)

_____

Submitted:  April 10, 2023                              Decided:  April 18, 2023

_____

Before KING and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Michael Paul Puzey, Appellant Pro Se.  Jennifer Therese Conklin, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Paul Puzey, a federal prisoner, appeals the district court's order on remand denying both his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239, and his reinstated motion for compassionate release. Puzey moved for compassionate release based on his health conditions and the COVID-19 pandemic. In support of his request for early release, Puzey pointed to significant evidence of his rehabilitation during his more than 20 years in federal prison, and he asserted that his risk of recidivism had drastically decreased based on his age. The district court assumed that Puzey had established "extraordinary and compelling reasons" for compassionate release, 18 U.S.C. § 3582(c)(1)(A)(i), but denied Puzey's motion after stating that it had considered the 18 U.S.C. § 3553(a) factors and that Puzey remained "a danger to the safety of any other person or to the community" under U.S. Sentencing Guidelines Manual § 1B1.13, p.s. (2018). For the reasons explained below, we vacate and remand.

We review for abuse of discretion the district court's denial of Puzey's request for compassionate release. *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to follow statutory requirements, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Id.* (cleaned up).

When deciding whether to reduce a defendant's sentence based on "extraordinary and compelling" circumstances under § 3582(c)(1)(A)(i), a district court generally

proceeds in three steps. *United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the district court decides whether "extraordinary and compelling" circumstances in fact support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the district court considers whether granting a sentence reduction is "consistent with applicable policy statements issued by the United States Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Because the Sentencing Commission's policy statement applicable to defendant-filed motions for compassionate release has yet to take effect, the district court is "empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (cleaned up). If the defendant passes the first two steps, the district court then considers at the third step whether the § 3553(a) factors, "to the extent that they are applicable," favor early release. 18 U.S.C. § 3582(c)(1)(A).

While expressing some doubt, the district court assumed that Puzey passed the first step and proceeded to the second and third steps. The entirety of the district court's analysis at the latter two steps, however, consisted of the court listing several offenses for which Puzey had been arrested in the 1990s—only a few of which resulted in convictions—and a determination based on those arrests and convictions that Puzey presented a danger to another person or to the community under USSG § 1B1.13 and thus could not be awarded compassionate release.

We are satisfied that the district court's analysis contains three errors that, when considered in combination, amount to an abuse of discretion and require a vacatur of its order. First, the district court treated the policy statement applicable to compassionate

3

release motions filed by the Federal Bureau of Prisons, USSG § 1B1.13, as dispositive of Puzey's defendant-filed motion when it ruled that Puzey could not attain relief because he was a danger to the safety of another person or the community. *See United States v. Malone*, 57 F.4th 167, 174 (4th Cir. 2023) ("[A] district court must not entirely rely upon § 1B1.13 when considering a defendant's motion for compassionate release."); *United States v. Kibble*, 992 F.3d 326, 330-31 (4th Cir. 2021) (holding that district court incorrectly ruled that USSG § 1B1.13 was "applicable" to defendant-filed motion for compassionate release).

Second, the only factor that the district court explicitly considered in its analysis after the first step was Puzey's criminal history before his federal convictions. The district court thus seems to have improperly assigned controlling weight to a single factor in denying compassionate release. *See United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006) (explaining that "excessive weight" should not be given to any single § 3553(a) factor (internal quotation marks omitted)).

Third, we conclude that the district court's analysis does not "allow for meaningful appellate review" because the court failed to consider Puzey's most persuasive arguments and evidence supporting early release. *High*, 997 F.3d at 190 (internal quotation marks omitted). Although a district court resolving a compassionate release motion need not acknowledge and address each of the defendant's arguments, *id.* at 188-89, "the record as a whole must satisfy this Court that the judge considered the parties' arguments and had a reasoned basis for exercising [her] own legal decisionmaking authority," *Malone*, 57 F.4th at 176 (cleaned up). The record in this case does not establish that the district court even

4

considered Puzey's significant evidence of rehabilitation, which he cited in his compassionate release motion and reinstated motion for compassionate release.[*]  *See United States v. Gutierrez*, No. 21-7092, 2023 WL 245001, at *4 (4th Cir. Jan. 18, 2023) (explaining that district court erred by failing to address defendant's significant evidence of rehabilitation before denying compassionate release).  Nor does the record show that the district court considered Puzey's argument about his reduced risk of recidivism due to his age, which countered the court's only identified concern about Puzey's early release, i.e., his future dangerousness.

In light of those errors, we vacate the district court's order denying Puzey's compassionate release motion and reinstated motion for compassionate release and remand for further proceedings.  By this disposition, we express no view on the ultimate merits of Puzey's request for compassionate release.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] While Puzey did not attach his rehabilitation evidence to his compassionate release motion or reinstated motion for compassionate release, that evidence was already in the record, and Puzey referenced that evidence in both motions.